**Case No. 23-35507**

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

CENTER FOR ASBESTOS RELATED DISEASE, INC.,

Appellant,

vs.

UNITED STATES OF AMERICA, EX REL. BNSF RAILWAY COMPANY,

Appellee.

_____

On Appeal from the United States District Court for the District of Montana

**APPELLEE'S RESPONSE TO MOTION FOR JUDICIAL NOTICE**

| | |
|---|---|
| Dale Schowengerdt | W. Adam Duerk |
| LANDMARK LAW PLLC | Seamus Molloy |
| 7 West 6th Ave., Ste. 518 | MCFARLAND MOLLOY & DUERK |
| Helena, Montana 59601 | 283 W. Front Street, Ste. 203 |
| T: 406-457-5496 | Missoula, Montana 59802 |
| dale@landmarklawpllc.com | T: 406-546-0881 |
| | duerk@missoulalawyers.com |
| | |
| Chad M. Knight | Anthony M. Nicastro |
| KNIGHT NICASTRO MACKAY | KNIGHT NICASTRO MACKAY |
| 1401 Walnut St., Ste. 200 | 27 Shiloh Rd., Ste. 10 |
| Boulder, Colorado 80302 | Billings, MT 59106 |
| T: 303-815-5869 | T: 406-545-2031 |
| knight@knightnicastro.com | nicastro@knightnicastro.com |

## INTRODUCTION

CARD seeks to supplement the appellate record with evidence that the trial court and the jury never considered. CARD asks this Court to take judicial notice that the Social Security Administration (SSA) has granted an unidentified Libby patient's appeal, finding her eligible for Medicare under the Affordable Care Act's EHH provision. Despite having this evidence since December 18, 2023, CARD waited until filing its reply brief to submit it.

This Court should deny CARD's motion for at least three reasons.[1] First, this Court has squarely held that appellants may not use judicial notice motions to supplement the appellate record with facts they failed to present to the trial court. Second, the facts CARD asks this Court to judicially notice do not meet the requirements of Rule of Evidence 201. Third, setting all this aside, CARD's motion raises facts that are not relevant to the issues on appeal.

---

[1] This Court should also strike or disregard the portions of CARD's reply brief based on CARD's improper judicial notice motion. *See* CARD Opn. Br. (Doc. 36), at 10–12. Not only does this Court "generally decline to consider new arguments raised for the first time on appeal, … especially when they are raised for the first time in the reply brief," but CARD's reply brief also seeks to introduce "facts and documents that were never before the district court." *Smith v. U.S. Customs and Border Protection*, 741 F.3d 1016, 1020 n.2 (9th Cir. 2014) (citations omitted); *see also* Ninth Circuit Appellate Practice Guide, at 68 (Court may strike references to material referenced in brief when motion for judicial notice is denied).

**ARGUMENT**

**I.     This Court's precedents foreclose CARD's request to supplement the appellate record with facts the jury did not consider.**

First, this Court has uniformly—and repeatedly—rejected judicial notice motions that seek to supplement the appellate record with purported "facts" the trial court or jury never considered. *See Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 966 (9th Cir. 2011); *Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1000 (9th Cir. 2005). It is the rule in this Circuit that a "plaintiff may not cure [its] failure to present the trial court with facts sufficient to establish the validity of her claim by requesting that this court take judicial notice of such facts." *Fleischer Studios,* 654 F.3d at 966 (quoting *Jespersen*, 444 F.3d at 1110); *see also Limcaco v. Wynn*, No. 21-56285, 2023 WL 154965, at *2 n.3 (9th Cir. Jan. 11, 2023) (citing *Fleischer Studios*, 654 F.3d at 966).

Notably, *Fleischer Studios* and *Jespersen* held that a motion for judicial notice on appeal could not create a fact issue sufficient to defeat a motion for summary judgment. *See Fleischer Studios*, 654 F.3d at 960, 966; *Jespersen,* 444 F.3d at 1110–11. But CARD goes even further than these appellants—it asks this Court to reverse a jury verdict entered after a multi-day trial.

2

Well-settled precedent thus forecloses CARD's request to slip a new document into the record long after the dust of trial has settled. CARD "must bear the burden of [the] factual record that" it presented to the jury. *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) (cleaned up).

## II. CARD's eleventh-hour evidence is not a proper subject of judicial notice.

Second, the facts CARD asks this Court to judicially notice do not meet Rule 201's requirements. Judicial notice is reserved for facts "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The rules of evidence are premised on "the practical judgment … that taking evidence, subject to cross-examination and rebuttal, is the best way to resolve controversies involving disputes of adjudicative facts." Fed. R. Evid. 201 advisory committee's note to subdivision (b). "The key to a fair trial is opportunity to use the appropriate weapons (rebuttal evidence, cross-examination, and argument) to meet adverse materials that come to the tribunal's attention." *Id.* Thus, Rule 201 "proceeds upon the theory that these considerations call for dispensing with traditional methods of proof only in clear cases." *Id.*

3

CARD's motion does not present one of those "clear cases." CARD asks this court to judicially notice "the Social Security Administration's … decision to grant Medicare coverage to a person from Libby, Montana, who appealed a denial of Medicare coverage" Doc. 35 at 2, and that the "SSA grant[ed] the person Medicare coverage when the person had a determination of asbestosis solely by an outside reader." Doc. 35 at 5.

But CARD has provided no evidence about the context of and grounds for the SSA's decision. The SSA's form letter states only that this unidentified patient is "entitled to Medicare because [she is] medically affected from exposure to a public health hazard in an area subject to an emergency declaration." JN-3. Nothing explains what facts the SSA considered about this patient's medical history. Nor does CARD provide any evidence about what factors led the SSA to reach its decision. To top it off, the SSA letter is missing at least one page. *See* JN-3 (bottom of page ending with "see next page"). As a result, this Court could only speculate about the reasons for the SSA's decision. "This would not be appropriate." *Jespersen*, 444 F.3d at 110.

CARD's reply brief tries to leverage this contextual vacuum into an official "agency interpretation of the statutory language in question" that just so happens to support CARD's defenses at trial. *See* Doc. 36 at 10–12. But the SSA letter says

4

no such thing.[2] Rule 201 prohibits CARD from twisting a document devoid of context into an unsupported interpretation that just happens to support its appellate arguments.

Rule 201 limits judicial notice to facts with a high degree of indisputability to avoid exactly the kind of ambush by judicial notice CARD attempts here. *See* Fed. R. Evid. 201 advisory committee's note to subdivision (b). BNSF did not have an opportunity to test CARD's new evidence through deposition or cross-examination. Nor could BNSF seek discovery about the factual context of the SSA's decision or present countervailing evidence to the jury. The district court did not have an opportunity to rule on the admissibility of the evidence. And, most importantly, the jury did not have the opportunity to weigh its reliability.

In short, the facts that CARD would have this Court judicially notice—to the extent that they are "facts" at all—do not have the "high degree of indisputability" required for facts subject to judicial notice. *Jespersen*, 444 F.3d at 1110 (quoting Fed. R. Evid. 201 advisory committee's note).

---

[2] Recall that SSA's 30(b)(6) deponent testified that a medical provider commits "fraud" if he knowingly certifies an undiagnosed patient as eligible for Medicare. *See* Doc. 27 at 15 (citing 1-SER-286–87; 2-SER-308–09).

## III. CARD's new evidence is not relevant to the issues in this appeal.

Third, CARD's motion asks this Court to judicially notice facts irrelevant to the issues in this appeal. *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (declining to judicially notice facts that told the court nothing about the relevant issue in the appeal). CARD's opening brief argued that (1) the district court erred by denying CARD's summary judgment and Rule 50(a) motions; (2) the district court improperly instructed the jury on the meaning of "diagnosis" in the Affordable Care Act's EHH provision; (3) the district court improperly instructed the jury on the definition of a "false claim"; and (4) that some of the district court's instructions and evidentiary rulings precluded the jury from considering CARD's subjective beliefs about the falsity of its practices.

That the SSA "grant[ed] Medicare coverage to a person from Libby, Montana, who appealed a denial of Medicare coverage" is not relevant to any of these issues. Doc. 35 at 2. CARD's submission of this patient's EHH form was not one of the false claims BNSF presented to the jury at trial. The SSA's letter states that an individual is "entitled to Medicare because you are medically affected from exposure to a public health hazard in an area subject to an emergency declaration." JN2. CARD's documents do not provide any context about why SSA ultimately

6

granted this patient's Medicare claim. It is unclear why this SSA letter has any bearing on the hundreds of false claims the jury found CARD made.

As noted, CARD tries to add a layer of extra-factual gloss to the SSA letter. Its reply brief argues that the SSA's ruling on this individual's appeal "made clear that SSA relied on an 'outside-read-only' designation in the absence of [an] additional clinical diagnosis, and that such appeal presented the contention that the statutory standard was nevertheless <u>met</u> by the outside reader's finding." CARD Opn. Br. (Doc. 36), at 11. The SSA letter says none of this. It says, only, "You are entitled to Medicare because you are medically affected from exposure to a public health hazard in an area subject to an emergency declaration." JN-3. CARD presents no evidence to support its claim that this form letter evidences a policy change by SSA. CARD's unsupported arguments about the meaning of this letter are not "facts," much less facts subject to judicial notice.

## CONCLUSION

For these reasons, this Court should deny CARD's motion for judicial notice.

Respectfully submitted May 30, 2024,

<u>/s/ Dale Schowengerdt</u>
Dale Schowengerdt
LANDMARK LAW PLLC
7 West 6th Ave., Ste. 518

7

Helena, Montana 59601
T: 406-457-5496
dale@landmarklawpllc.com

W. Adam Duerk
Seamus Molloy
MCFARLAND MOLLOY & DUERK
283 W. Front Street, Ste. 203
Missoula, Montana 59802
T: 406-546-0881
duerk@missoulalawyers.com

Chad M. Knight
Anthony M. Nicastro
KNIGHT NICASTRO MACKAY
1401 Walnut St., Ste. 200
Boulder, Colorado 80302
T: 303-815-5869
knight@knightnicastro.com

Anthony M. Nicastro
KNIGHT NICASTRO MACKAY
27 Shiloh Rd., Ste. 10
Billings, MT 59106
T: 406-545-2031
nicastro@knightnicastro.com

*Counsel for Appellee BNSF Railway Company*