No. 23-35507

_____

_____

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

**UNITED STATES OF AMERICA, EX REL. BNSF RAILWAY COMPANY,**

Plaintiff – Appellee,

v.

**CENTER FOR ASBESTOS RELATED DISEASE, INC.,**

Defendant – Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

_____

**APPELLANT'S REPLY IN SUPPORT OF
MOTION FOR JUDICIAL NOTICE**

_____

Timothy Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net
*Attorney for Defendant – Appellant CARD*

Appellant Center for Asbestosis Related Disease, Inc. (CARD) filed a motion asking this Court to take notice of the Social Security Administration's (SSA) decision to grant Medicare coverage to a person from Libby, Montana, who appealed a denial of Medicare coverage based on an "outside read only" Environmental Health Hazards Checklist (EHH).

BNSF argues first that CARD failed to present the SSA's ruling to the trial court thus it cannot supplement the facts before this Court. As BNSF, notes, however, the SSA's decision took place months after the trial in this matter. The SSA ruling merely shows that SSA's ruling comports with CARD's longstanding implementation of the Affordable Care Act (ACA). This is relevant to the Court's consideration of the scienter element of the False Claims Act analysis. BNSF argues that it did not have opportunity to cross examine or seek discovery about the factual context of the SSA decision. Neither did CARD. The SSA decision was well after the trial in this matter. CARD asks the Court to take judicial notice of this administrative decision to show that SSA does not apply the extra requirements added by the district court when determining eligibility for Medicare under the Libby provisions of the ACA. Contrary to BNSF's assertion, there is a "high degree of indisputability" with the SSA ruling. See *Jespersen v. Harrah's Operating Co.,* 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc)

BNSF argues next that CARD "provides no evidence about the context of and grounds for SSA's decision." BNSF at 4. However, CARD provided the entire appeal filed by the Libby person and the response and ruling by the SSA. The grounds for the SSA's decision are plainly stated in the ruling: "You are entitled to Medicare because you are medically affected from exposure to a public health hazard in an area subject to an emergency declaration." *See* JN2. The Libby person in question argued that they were entitled to Medicare coverage under the Affordable Care Act's Libby provisions based on an outside read only EHH, and the SSA agreed.

Finally, BNSF argues that the SSA ruling is not relevant to the issues on appeal. However, CARD has asked this Court to rule that CARD did not the requisite scienter to be liable under the False Claims Act. Since the passage of the ACA over a decade ago, CARD has submitted EHH Checklists to the SSA based solely on "outside read" determinations of an asbestos-related disease, and SSA has enrolled these individuals in Medicare. Just prior to trial in this matter, the local SSA office in Kalispell denied this person's application for Medicare that was based on an EHH with an "outside read only" determination – the first time SSA had made such a denial. The person appealed, based on the language of the Libby provisions of the ACA. The SSA considered that ACA language and determined the person was eligible for Medicare based on the outside read only

3

EHH. This is relevant and important for analysis of the scienter element of the False Claims Act, since it shows that the SSA's understanding of the ACA is the same as CARD.

    CARD respectfully asks the Court to take judicial notice of the SSA decision.

    Respectfully submitted June 13, 2024.

/s/Timothy M. Bechtold

Attorney for Appellant CARD